**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**United States of America,**

*Plaintiff,*

**v.** **Case No. 3:25-cr-096**
**Judge Thomas M. Rose**

**Jacquan Sims, *et al*.,**

*Defendants.*

---

**ENTRY AND ORDER DENYING MOTIONS TO SEVER BY DEFENDANTS MIYAUHN VINEYARD (DOC. 64), JOSHUA HAGGINS (DOC. 66), RAHEEM GOFF (DOC. 67), AND JACQUAN SIMS (DOC. 68)**

---

This matter is before the Court on multiple motions to sever. Defendants Miyauhn Vineyard (Doc. 64), Joshua Haggins (Doc. 66), Raheem Goff (Doc. 67), and Jacquan Sims (Doc. 68), each assert that they will be unduly prejudiced because their alleged level of culpability is far lower than that of their codefendants. The quartet was indicted in a single indictment following the execution of a search warrant to 1027 Haller Ave. where Vineyard and Haggins were present, while Goff and Sims were detained pursuant to a traffic violation and brought to the house.

Vineyard points out that the Indictment alleges that the co-defendants were engaged in a criminal conspiracy from September 2025 to October 20, 2025. (Doc. 11, PageID 33.) Vineyard asserts that he was incarcerated in Shelby County Jail from August 1, 2025 to October 3, 2025.

Haggins asserts that he had been invited over to the house and was only there to visit. (Doc. 66, PageID 1818.) Goff claims that there is no evidence showing that he participated in planning or directing any alleged conspiracy or otherwise engaged in the conduct attributed to the co-defendants. (Doc. 67, PageID 186.)

Sims points out that during a traffic stop he informed the officer that he did not live at 1027 Haller Avenue but rather stated that he permanently resides at 1306 Clement Avenue. (Doc. 68, PageID 191.) He asserts that he was not associated with items seized during the search warrant that was conducted at 1027 Haller Avenue in Dayton, Ohio. (*Id.*)

Second, Vineyard (Doc. 64, PageID 162), Sims (Doc. 68, PageID 192), and Goff (Doc. 67, PageID 186-87), assert that if the case is not severed, it will violate the Confrontation Clause of the Sixth Amendment.

**Background**

In December 2025 a federal grand jury charged Sims, Vineyard, Goff, and Haggins with knowingly and intentionally conspiring to distribute and to possess with intent to distribute cocaine as well as fentanyl and methamphetamine in the first count of a multi-count indictment. (*See* Doc. 11, PageID 33.) A second count invokes *Pinkerton* liability to allege that Defendants jointly possessed with intent to distribute various controlled substances, a third that they possessed firearms in furtherance of a drug trafficking crime, and a fourth that they illegally possessed a machinegun. (*See id*.) The Indictment also contained individual felon-in-possession charges against Vineyard, Goff, and Haggins. (*See id*.)

**Severance**

Federal Rule of Criminal Procedure 8 provides that an indictment may join two or more defendants in a single indictment when "they are alleged to have participated in the same act or

transaction, or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). "[A] group of acts or transactions constitutes a series if they are logically interrelated, such as when the acts or transactions are part of a common scheme or plan." *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985). Making this determination against only the four corners of the indictment, a court construes the charging instrument in favor of joinder. *See United States v. James*, 496 F. App'x 541, 546 (6th Cir. 2012). Moreover, by its plain terms, Rule 8 makes evident that defendants may be properly joined even if every defendant is not charged in each count of the indictment. *See* Fed. R. Crim. P. 8(b) ("All defendants need not be charged in each count.").

Here, the first count of the Indictment charges all four Defendants with participating in an overarching conspiracy to distribute and to possess with intent to distribute fentanyl, methamphetamine, and cocaine. A conspiracy is a quintessential common scheme or plan, and therefore each defendant is properly joined together in that count. *See United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004). Each defendant is properly joined in the second, third, and fourth counts, because the actions alleged in those counts flow from, and are temporally connected to, the conspiracy alleged in the first count. The remaining felon-in-possession counts alleged against individual defendants also comport with the plain terms of Rule 8. *See* Fed. R. Crim. Proc. 8(b) ("The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."). As such, from the face of the indictment, this charging instrument has properly joined these defendants and counts together in a single action. *See Beverly*, 369 F.3d at 533.

Rule 14 provides that, even if an indictment properly joins multiple defendants and counts in a single criminal action, a court may order separate trials of these multiple co-defendants or

counts to avoid prejudice. *See* Fed. R. Crim. Proc. 14(a); *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Rule 14, however, imposes a heavy burden on the defendant seeking severance; "to prevail on a motion for severance, a defendant must show compelling, specific . . . prejudice from a court's refusal to the grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005); *United States v. Sivils*, 960 F.2d 587, 594 (6th Cir. 1992). Specific, compelling, and substantial prejudice exists when the defendant proves that joinder would compromise a specific trial right or prevent a jury from making a reliable judgment about guilt or innocence. *See Zafiro*, 506 U.S. at 539; *United States v. Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

In meeting this burden, "the defendant's conclusory statement that the joinder of [defendants or counts may] affect[] the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice." *Tran*, 433 F.3d at 478; *see also Saadey*, 393 F.3d at 678-79 (rejecting severance motion that simply alleged "cumulative effect of the evidence" resulted in improper prejudice). Nor in moving to sever may a defendant simply rely upon "a difference in the amount of evidence produced [as to each defendant or count]." *Tran*, 433 F.3d at 478. "A difference in the quantum of evidence as to the two [defendants] is not grounds [to sever] unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence produced on each count." *Id*. (internal quotation omitted); *see United States v. Graham*, 484 F.3d 413, 419 (6th Cir. 2007). To show such substantial risk, the defendant must overcome the "presumption that the jury will be able to sort out evidence applicable to each [defendant or count] and render its verdict accordingly." *United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991). Moreover, because juries are presumed to follow a court's admonitions, proper jury instructions informing the jury that it must consider each defendant's case (or individual count) separately generally cure any risk of undue prejudice created through a joint trial of multiple defendants. *See*

*Zafiro*, 506 U.S. at 540-41; *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) ("The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases."); *Sivils*, 960 F.2d at 594. Finally, "[t]he fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling' 'prejudice.'" *United States v. DeFranco*, 30 F.3d 664, 669-70 (6th Cir. 1994).

In short, absent a showing of such substantial or compelling prejudice, "spillover of evidence from one defendant [or count] to another does not require severance." *Tran*, 433 F.3d at 478; *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004). The Sixth Circuit has consistently rejected claims of prejudicial joinder where an indictment charges an individual with participating in a wide-ranging conspiracy with his co-defendants. *See*, *e.g.*, *Driver*, 535 F.3d at 427 (conclusory allegations of prejudicial joinder insufficient to sever in drug conspiracy); *Graham*, 484 F.3d at 419 (difference in quantum of evidence between co-defendants insufficient ground to sever in conspiracy case); *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (possibility defendant "might have suffered some slight disadvantage from being tried along with defendants who were higher up in the distribution chain" was insufficient to overcome the strong presumption against severance).

Here, all four defendants have failed to carry their individual burden and demonstrate that they will suffer substantial prejudice from a joint trial of the remaining defendants and counts. To be sure, each defendant has made claims that the quantum of evidence against him is less than that of his co-defendants and would result in his conviction based on "guilt by association." But such generalized allegations do not constitute prejudice warranting the severance of a trial. "The fact that a defendant may have a better chance at acquittal if his trial were severed does not require the

judge to grant his motion." *DeFranco*, 30 F.3d at 669-70. The defendants have an obligation to articulate specific facts that would result in substantial prejudice and cause the jury to render an unfair and impartial verdict in this case. *See Tran*, 433 F.3d at 478 (conclusory allegations insufficient to warrant severance); *McCoy*, 848 F.2d at 744 (same).

Equally problematic, even if a defendant could articulate some specific evidentiary prejudice resulting from joinder, each has failed to explain how proper jury instructions would prove insufficient to cure that problem. During trials, courts routinely admonish juries that a separate crime is charged in each count of the indictment and that they must consider each count and defendant separately. *See*, *e.g.*, Sixth Circuit Pattern Criminal Jury Instruction 2.01D(2). The Defendants have not and cannot show that a jury would be unable to follow such instructions in this case. Indeed, there is nothing particularly difficult or complex concerning the facts of this case that would preclude a jury from understanding and implementing these admonitions. Under these circumstances, severance is not warranted. *See Zafiro*, 506 U.S. at 539.

**Confrontation Clause**

Attempting to avoid this result, Vineyard (Doc. 64, PageID 162), Sims (Doc. 68, PageID 192), and Goff (Doc. 67, PageID 186-87), claim that a joint trial would compromise the right under the Confrontation Clause to cross-examine witnesses against them. But this misapprehends the nature of that right as defined in *Crawford v. Washington*, 541 U.S. 36 (2004) and its progeny, including *Davis v. Washington*, 547 U.S. 814 (2006). The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend VI. "The Confrontation Clause bars 'admission of [certain] testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination.'"

*Davis*, 547 U.S. at 822 (quoting *Crawford*, 541 U.S. at 53–54). Such "testimonial statements" that implicate the Confrontation Clause are few in number and include admissions of a declarant made in response to custodial interrogation. *Id.*

Conversely, conversations between co-conspirators are "by their nature not testimonial." *United States v. Martinez*. 430 F.3d 317, 328–29 (6th Cir. 2005) (co-conspirator statements are non-testimonial and therefore do not implicate the Confrontation Clause); *see Crawford*, 541 U.S. at 56 ("Most of the hearsay exceptions covered statements that by their nature were not testimonial —for example, business records or statements in furtherance of a conspiracy."); *United States v. Stover*, 474 F.3d 904, 912-13 (6th Cir. 2007) (tape recorded conversation between defendant and co-conspirator were co-conspirator statements and therefore admissible without reference to the Confrontation Clause). Admission of co-conspirators statements does not violate the Confrontation Clause even when "[i]t is undisputed that [the declarant] was unavailable because he was under indictment for the same offense, and the Fifth Amendment right against self-incrimination prevented [the defendant] from cross-examining him." *United States v. Pike*, 3:07-cr-142, 2010 WL 5508773, at *2-3 (S.D. Ohio Nov. 1, 2010).

Likewise, when not made in response to police questioning, excited utterances of a declarant fail to implicate the Confrontation Clause. *See Hamm v. Erdos*, 1:18-cv-820, 2020 WL 2494464, at *6-7 (S.D. Oh. May 14, 2020) (Declarant's "excited utterance was not testimonial in nature. It was not in response to police questioning, nor was it offered during any type of formal proceeding or questioning. Rather, by definition, it was volunteered under circumstances where there was no time for the speaker to reflect and falsify his or her account of an event.").

Here, none of the defendants have identified specific testimonial evidence that would implicate rights under the Confrontation Clause. The statements that they cite—the recorded

conversations between Haggins and Sims in which they implicate themselves and their co-defendants in a drug conspiracy – are co-conspirator statements or, at a minimum, excited utterances, that are not testimonial in nature. *See*, e.g., *Stover*, 474 F.3d at 912-13 (recorded co-conspirator statements are not testimonial within meaning of the Confrontation Clause). Indeed, Haggins and Sims did not make their statements in response to custodial interrogation. Rather speaking in the presence of, and to one another, they offered unprompted statements. The fact that police overheard their unsolicited conversation does not convert them into testimonial statements. *See United States v. Moneyham*, 473 F.3d 280, 286-87 (6th Cir. 2007) (rejecting argument that co-conspirator statement made to undercover officer converted remarks into testimonial hearsay within the meaning of the Confrontation Clause).

The circumstances under which Haggins and Sims made their statements remove their remarks from the ambit of the Confrontation Clause. Having failed to identify a specific trial right that a joint trial would compromise, Vineyard, Sims, and Goff's motions to sever fail on this alternative ground as well.

Because all defendants are properly joined and there has been no showing that a joint trial would be unduly prejudicial and because unsolicited conversations of co-defendants are not testimonial so as to violate the Confrontation Clause of the United States Constitution, Vineyard (Doc. 64), Goff (Doc. 65), Haggins (Doc. 66), and Sims' (Doc. 68) Motions to Sever are **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Sunday, October 4, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE